Grover v. Wyckoff's Executor.

GROVER vs. WYCKOFF'S EXECUTOR and another.

The executor of A sued B and C jointly, upon a joint and several promissory note, held by his testator at the time of his death, and recovered judgment. Subsequently B filed his bill in this court, alleging that he neither signed the note nor authorized any one to do so for him, and that he did not know of its existence until after A's death. It further alleged that C fraudulently signed complainant's name to the note, and that the executor sued the complainant and C jointly, so that the complainant, by reason of the executor's suing in a representative capacity, could neither testify himself, nor avail himself of C's testimony, to prove the fraud. It prayed an injunction against the executor and the sheriff, to restrain a sale. The executor pleaded the trial and judgment in bar, and answered the bill. *Held*, that the fact that the complainant was unable to avail himself, on the trial at law, of his own testimony or of that of C, was no ground for relief.

Bill for relief. On final hearing on pleadings and proofs.

*Mr. J. F. Hageman*, for complainant.

*Mr. R. M. J. Smith*, for defendants.

THE CHANCELLOR.

The bill is filed for relief against a judgment at law. The complainant and William C. Forman were sued together, in an action of *assumpsit* in the Supreme Court, by the defendant, Abram B. Wyckoff, as executor of Cornelius Wyckoff, deceased, on a joint and several promissory note, purporting to have been made by them, and judgment for $844.39 was recovered therein against them, on the 5th of November, 1873. The note was held by Cornelius Wyckoff at the time of his death. It was given to him at or about the time of its date, April 25th, 1867. The bill alleges that the complainant neither signed it nor authorized any one to do so for him, and that he did not know of its existence until after the death of Cornelius Wyckoff. It further alleges that the defendant Wyckoff caused the complainant and Forman (who, it states, fraudulently signed the complainant's name to the note,) to be sued together, so that the complainant, seeing that the defendant Wyckoff sued in a representative capacity, could neither testify himself, nor avail himself of the testimony of Forman, to prove the fraud. It prays an injunction. The defendant Wyckoff (the other defendant is the sheriff of Middlesex), pleaded the trial, verdict and judgment in bar, and answered the bill.

There is no evidence whatever, of any fraud on the part of the executor, in obtaining the judgment. The fact that the complainant was unable to avail himself, on the trial at law, of his own testimony, or of that of Forman, is no ground for relief. The law made both of them incompetent to testify, under the circumstances.

The bill will be dismissed, with costs.